[No. 21013.   Department One.—December 21, 1893.]

# THE PEOPLE, RESPONDENT, v. CHUEY YING GIT ET AL., APPELLANTS.

CRIMINAL LAW—ROBBERY—INFORMATION—DESCRIPTION OF PROPERTY.—An information charging the defendant with robbery, which describes the property taken as "personal property, to wit: money, jewelry, and hair ornaments," although imperfect, is sufficient to support a judgment of conviction of the offense charged, where no objection was taken thereto before judgment.

ID.—WAIVER OF DEFECTIVE DESCRIPTION.—Where an information charging the crime of robbery is defective in not sufficiently describing the property taken, but there is no demurrer interposed to the information, and no objections to testimony upon the ground of the insufficiency of the information, the defect is waived.

ID.—EVIDENCE—COMPLAINT FIXING DATE TESTIFIED TO BY CHINESE WITNESS.—Where, upon the trial of Chinese defendants charged with robbery of a Chinese woman, the prosecuting witness described the robbery as having taken place on the "Chinese October 26th," and stated that she knew nothing of the American date, but that it was the day before

she made and filed the complaint, it was proper for the trial court to admit the complaint in evidence for the purpose of fixing the date.

ID.—DISAPPEARANCE OF DAUGHTER OF PROSECUTING WITNESS.—Testimony proffered by the defendants in reference to the disappearance and whereabouts of the daughter of the prosecuting witness, on the day of the robbery, is properly excluded as not pertinent to any issue in the case.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial.

The facts are stated in the opinion.

*J. A. Haralson,* and *Mahon & Laird,* for Appellants.

*Attorney-General W. H. H. Hart,* and *Deputy Attorney-General Charles H. Jackson,* for Respondent.

SEARLS, C.—The appellants were accused by information of the crime of robbery, and upon a trial Woo Ah Woy and Chung Ki Foon were convicted.

The appeal is prosecuted from the final judgment, and from an order denying a new trial.

The first objection to the judgment is that the court erred in rendering judgment against the defendants in the case, "because the information upon which said defendants were tried and convicted did not state facts sufficient to constitute a public offense."

The information is in all respects in consonance with the usual form in cases of robbery, except that the only description of the property taken is as follows, "personal property, to wit: money, jewelry, and hair ornaments."

There is no demurrer interposed to the information, no objections to testimony upon the ground of the insufficiency of the information and no motion in arrest of judgment.

All objections appearing upon the face of the indictment must be taken by demurrer, "except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the

trial, under the plea of not guilty, or after the trial in arrest of judgment." (Pen. Code, sec. 1012).

In *People* v. *Swenson*, 49 Cal. 388, the indictment was as follows: "of the crime of an assault with intent to commit murder, committed as follows, to wit: the said C. G. T. Swenson, on or about . . . . , did assault with intent to commit murder one Benjamin Cook."

Defendant failed to demur to the indictment, but did move in arrest of judgment. This court held that by failing to demur the defendant had waived the objection, and could not move in arrest of judgment on the ground that the indictment did not conform to the requirements of sections 950, 951, and 952 of the Penal Code, and that as the indictment contained a sufficient charge of an assault, the judgment could not be arrested on the ground of not stating facts constituting a public offense.

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence and against his will, accomplished by means of force or fear." (Pen. Code, sec. 211.)

It includes larceny, and under the indictment the defendant may be found guilty of larceny. (*People* v. *Jones*, 53 Cal. 58.)

Robbery and grand larceny, when the property is taken from the person of another, or when the property taken is a horse, etc., do not depend upon the value of the property taken (Pen. Code, sec. 487); hence it was unnecessary to specify the value of the personal property taken. (*People* v. *Townsley*, 39 Cal. 405; *State* v. *Burke*, 73 N. C. 83.)

The authorities hold almost universally that the description of the property taken in robbery is required to be equally specific with that required in larceny. Prior to the amendment of 1880 to our Penal Code a much greater degree of particularity was required in this respect than at present. By section 967 it is now provided that in an indictment or information for the larceny or embezzlement of money, bank notes, etc., it

is sufficient "to allege the larceny or embezzlement . . . . to be of money, bank notes, . . . . without specifying the coin, number, denomination, or kind thereof."

This statute does not in terms apply to cases of robbery, but as the latter crime is but larceny from the person accomplished by force or fear, and as the same reasons exist for the modification of the rule in such cases, it may well be held that a rule which often required impossibilities in description, the existence of which courts often regretted as tending to thwart rather than promote justice, should be modified. Be this, however, as it may, after judgment in an action without objection, whether in a civil or criminal case, a pleading which states a cause of action or offense, but states it defectively, cannot be successfully attacked. It is not in such cases a defective allegation but a total lack of allegation which renders the judgment void, and hence open to attack.

There is here an attempt to describe the personal property taken, a lame one it must be confessed, but, imperfect though it be, it is nevertheless such an one as will support a judgment.

Wharton on Criminal Pleading and Practice, quoting Blackburn, J., says, "that where an averment which is necessary to support a particular part of the pleading has been imperfectly stated, and a verdict on an issue involving that averment is found, and it appears to the court after verdict, that unless this averment were true the verdict could not be sustained, in such case the verdict cures the defective averment, which might have been bad on demurrer," and, in this respect, there is no distinction between the pleadings in civil and criminal proceedings. (Sec. 760; *People* v. *Swenson*, 49 Cal. 388.)

A review of the cases, coupled with the phraseology of our code, leads to the conclusion that the defect in the information was waived by the defendant. Had objection been made at the trial to testimony describing the property taken from the prosecuting witness, upon

the ground that it was not sufficiently described in the information, its admission might have been made the basis of error on a motion for new trial; but no objection on this ground was interposed.

At the trial the prosecuting witness described the robbery as having taken place on the "Chinese October 26th," and stated that she knew nothing of the American date, but that it was the day before she made and filed the complaint against defendants. Thereupon the district attorney, for the purpose of "fixing the date upon which the transaction was said to have occurred," offered in evidence the complaint made and filed against the defendants.

The court admitted it for the purpose indicated, and the ruling is assigned as error. It was admissible as evidence for the purpose in view.

The court at the trial made several rulings excluding testimony in reference to the disappearance and whereabouts of a young daughter of the prosecuting witness, who it seems had disappeared on the day of the commission of the alleged offense, and these rulings are assigned as error.

It appears that on the night of the alleged offense, Chuey Ying Git, one of the defendants, called upon Ah Bow, the prosecuting witness, at her home in Bakersfield, and informed her that her girl was down at his house, and that thereupon she accompanied Ying Git to his house, where, according to her statement, she did not find her daughter, and where, as she testified, as do two other witnesses, the defendants by force and violence robbed her of her money and jewels.

The proffered testimony in reference to the daughter was not pertinent to any issue in the case, and its exclusion was not error. Had it been otherwise, the error would have been cured by the testimony of the witness Brown, who seems to have a mission school, and who in reply to a question by a juror, stated that he and his wife had taken the girl away and sent her to a "good christian home in San Francisco, and the girl is there

now [at the time of the trial] comfortable and happy."
The theory that the charge against the defendants grew
out of the disappearance of this girl, in the face of the
positive evidence of robbery against the defendants, is
far fetched and entitled to little consideration.

The other objections to evidence are not of sufficient
importance to require comment.

The judgment and order appealed from should be
affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the
judgment and order are affirmed.

GAROUTTE, J., HARRISON, J., PATERSON, J.

Hearing in Bank denied.