[Crim. No. 3760. In Bank.—July 18, 1934.]

THE PEOPLE, Respondent, v. REVELL KENNETH COVINGTON et al., Appellants.

Gladys Towles Root and Louis B. Preston for Appellants.

U. S. Webb, Attorney-General, and John D. Richer, deputy Attorney-General, for Respondent.

THE COURT.—A petition for hearing was granted in order to consider more fully the question whether the evidence is sufficient to support the verdict finding the appellants guilty of the crime of robbery. After further consideration of the record we are satisfied that proof of essential elements of robbery is lacking, but that the appellants are, under the evidence, guilty of petty theft. We are in accord with the disposition of the appeal on this and other points by the District Court of Appeal, Second Appellate District, Division One, and adopt with slight modifications the opinion of that court, prepared by Mr. Presiding Justice Conrey, as the opinion of this court, as follows:

"By information in three counts the defendants were accused as follows: By Count I it was charged that on March 5, 1933, the defendants murdered one Marjorie Barr; by Count II it was charged that on the same date the defendants committed the crime of robbery, said crime being a different offense of the same class of crimes and

offenses as the charge set forth in Count I, and connected in its commission. It was alleged that the defendants did wilfully, etc., take from said Marjorie Barr 'the goods and personal property in the possession of Marjorie Barr', without her consent, etc., and 'by means of force used by said defendants upon and against the said Marjorie Barr, and by said defendants then and there putting the said Marjorie Barr in fear'.

"By Count III it was charged that on said date the defendants committed the crime of burglary by wilfully entering the house of one Stephens, with the intent then and there to commit theft. It was alleged that this crime was a different offense but connected in its commission with the crime set forth in Counts I and II.

"The defendant Peterson was convicted on Count I and Count II, and acquitted on Count III. The other defendants, who are appellants here, were acquitted on Counts I and III and were convicted of robbery as charged in Count II. This appeal is from the judgment of conviction of appellants on Count II, and from the orders of the court denying their motions for a new trial.

"The events referred to in the information all took place at the residence of one Delbert Stephens, where he lived with his family. Miss Barr and another young woman known as Miss Hammond were living with the Stephens family. At six o'clock in the evening of March 5th, Stephens with his wife and son left the house and, there being no one else there at home, locked the front door. The windows were locked, except one which had no lock but was screened. During the evening, and while the house was thus vacant, the defendants came to those premises and entered the house. One of them took off the screen and went in through the window, and let the others in by the door. Barnett was acquainted with Stephens and had been in this house before, and according to his testimony Stephens had given him permission to enter the place. 'We hung around awhile and thought we would go in and wait for Mr. Stephens to come home, so we took off the screen and went inside as he told me to do many times'. Stephens, on the other hand, denied that he had given Barnett permission to enter the house at any time when Stephens was absent although he admitted that Bar-

nett had been his guest on some occasions prior to March 5th. The defendants all were sailors in the navy, and at the time in question were on leave from their ship.

"After the defendants had been for some time in the house, the two young women above mentioned came home and proceeded to entertain the defendants as guests. Without entering into details of the story, it should be enough to say that there was some eating and drinking, and after a while Miss Hammond retired to her room. The evidence shows that while she was thus absent Miss Barr was hit with a sap or blackjack in the hands of defendant Peterson. From the effects of that blow she died a short time afterwards at the hospital to which she had been taken.

"According to the testimony of Miss Hammond, while she was in her room as above stated, she heard the deceased scream. Thereupon she jumped out of a window and ran to a neighbor's house. When she returned a few minutes later with a man who came at her request, the defendants had gone, and Miss Barr was in the bathroom and blood 'was all over her'. A diamond ring and a watch which deceased had been wearing were gone, and an electric clock and a cigarette lighter were missing.

"In support of the appeal the first point suggested is that the information failed to charge the offense of robbery, or any public offense. By the direct terms of the information the defendants were, in general terms, accused of the crime of robbery. But it is contended that the accusation, a substantial part of which we have quoted, is insufficient to allege a public offense 'in that it does not contain words sufficient to give the accused notice of the offense of which he is accused'. In other words it is contended that the information does not comply with the requirement of Penal Code, section 950, that in charging an offense each count shall contain a 'statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended'. But the rule governing this requirement is more particularly stated in section 952, as amended in 1927, and further amended in 1929. Among other things, it is there provided that the statement that the accused has committed the specified public offense 'may be in the words of the enactment describing the offense

or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused'. We think that the information charged commission of the crime of robbery in terms which sufficiently comply with the requirements of the code. ■
The state has the right to establish forms of pleading to be observed in its own courts, subject only to the provisions of the federal Constitution involving the protection of life, liberty and property in all the states. (*People* v. *Robinson*, 107 Cal. App. 211, 217 [290 Pac. 470].) This fact disposes of the contentions of appellants that their conviction under this information is in violation of their constitutional rights. . . .

■ "The next point is that the charge of robbery was improperly joined with the charge of murder, 'in view of the fact that appellants were acquitted of murder'. Of course this contention is without merit for the district attorney could not know in advance that appellants would not be convicted of the murder.

■ "Finally appellants claim that the court erred in refusing to give to the jury certain requested instructions. Some of these requests were properly refused because the subjects thereof were sufficiently covered by other instructions given. Some of the requested instructions as offered by appellants were erroneous in their statement of the law.
■ Omitting from further consideration all of those instructions, there remains one further item which seems to be of substantial merit. Appellants requested the following instruction: 'You are instructed that if you do not believe that a robbery or burglary was committed but that a theft was committed by the defendants in the house of Mrs. Stephens you are instructed to find said defendants guilty of petty theft if the value of the property taken was $200.00 or less or grand theft if $200.00 or more'. This instruction should have been given, except that the last three words should have been, 'more than $200.00'.

"These appellants stand convicted of robbery. . . . The jury might well have believed that appellants did not foresee that Peterson would commit the murderous attack, or the robbery of jewelry from the person of Miss Barr, and did not aid or abet the same. But appellants did share in the theft of other articles which were taken away at the

same time. If the jury had been given an instruction under which appellants could have been convicted of theft, instead of being left only an alternative between a conviction of robbery or an entire acquittal, it is not unlikely that appellants would have had the benefit of the conviction of theft alone. This would have been a most substantial benefit, because in the absence of proof of the value of the property taken the conviction necessarily would have been limited to petty theft. The offense of robbery 'includes larceny and under the indictment the defendant may be found guilty of larceny' (*People* v. *Chuey Ying Git*, 100 Cal. 437 [34 Pac. 1080]; *People* v. *Church*, 116 Cal. 300 [48 Pac. 125]), and upon an information charging grand larceny petty larceny may be found. (15 Cal. Jur. 960.)

"In accordance with the foregoing statement of the law and upon consideration of the record, and particularly the evidence showing the part taken by appellants in this unfortunate affair, we are of the opinion that the verdict and judgment of conviction should be reduced from robbery to petty theft."

The judgment of conviction of the defendants Covington, Kozak and Barnett of the crime of robbery is modified. The cause is remanded to the trial court with directions to enter judgment against each of the defendants finding him guilty of petty theft, and thereupon to pronounce judgment upon him as prescribed by law.