[Crim. No. 5804.   Second Dist., Div. One.   Apr. 23, 1957.]

THE PEOPLE, Respondent, v. LEOLA MORELAND, Appellant.

Jefferson & Jefferson and Bernard S. Jefferson for Appellant.

Edmund G. Brown, Attorney General, and Carl Boronkay, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment.  As recited in respondent's brief, "In an information filed by the District Attorney of Los Angeles County, appellant was charged with the crime of robbery, in that she did wilfully, unlawfully, feloniously and by means of force and fear take from the person and immediate presence of George W. Chown Sixteen Dollars ($16.00) in money.  The information also

charged appellant with the prior convictions, in the State of Texas, of the crime of Assault to Commit Robbery, a felony, in 1937, and the crime of Robbery, a felony, in 1939.

"Appellant was duly arraigned, entered a plea of Not Guilty and denied the prior convictions as alleged.

"At time of trial all parties joined in waiver of trial by jury. The People's cause was submitted on the transcript of the preliminary hearing. Appellant took the stand and testified in her own behalf. The Court found appellant Guilty of the crime of Grand Theft From the Person, a felony, a lesser and necessarily included offense, and found the allegations of the two prior convictions to be true. . . .

"On the evening of April 27, 1956, Mr. George W. Chown was walking on Ceres Street toward 5th Street in Los Angeles. When he approached the Rock Island Hotel on Ceres Street, the appellant, who had been sitting on a box in the doorway of the hotel, stepped up to him and tried to solicit him. Mr. Chown said 'No,' but appellant stepped closer and he felt a scratching below his ribs, whereupon he looked down and saw that the appellant was holding in her left hand a knife blade against his body. Mr. Chown stood still while appellant reached with her right hand into his left hip pocket and withdrew his wallet. Appellant took Sixteen Dollars ($16.00) from the wallet, returned the wallet to Mr. Chown, and walked off toward the hotel.

"Mr. Chown proceeded to the Police Building, at First and Los Angeles Streets.

"Later that evening appellant was arrested at the front door of the Rock Island Hotel. The next morning she related to investigating Officer Eastmanson that she had been in front of the Rock Island Hotel most of the previous day and had 'turned one trick' that day. She stated that it took place shortly after noon and was her only contact with a white person that day. She denied contacting or seeing Mr. Chown in the afternoon.

"At the trial appellant testified that Mr. Chown was that person with whom she had the 'date,' on April 27, 1956."

Appellant contends that the testimony of Mr. Chown, the complaining witness, is inherently improbable and unbelievable, and therefore insufficient to support the judgment.

██ As pointed out by respondent, "With regard to the prosecution's testimony pointed out in appellant's brief, the most that can be said of it is that perhaps others in the same situation might have reacted in some other manner than did

the complaining witness. This is a far cry indeed from testimony 'so obviously and so inherently improbable as to leave the court no recourse without self-stultification except to reverse the judgment.'

''Appellant feels that her contention of inherent improbability of the evidence is supported by the fact that she was convicted of the lesser and included offense of Grand Theft from the Person, rather than the crime of Robbery set forth in the indictment. Appellant's argument is to the effect, that for the court not to find her guilty of robbery it 'had to entirely disbelieve the testimony of the complaining witness as to appellant's use of a knife to take his money and resulting fear on the part of Mr. Chown.' (the complaining witness), and 'having so disbelieved Mr. Chown there is no reasonable basis for the court's finding of the crime of grand theft from the person.' ''

Evidently the trial court believed that the element of force and fear, essential for the crime of robbery was not sufficiently proven, but that the evidence presented did warrant and require the conviction of appellant for the lesser and included offense of grand theft from the person.

█ As contended by respondent, ''Thus even if the Court rejected that portion of the testimony regarding the appellant's use of a knife and the resultant fear of the witness, the remainder of the evidence presented was sufficient to support the conclusion of the trial court that appellant was guilty of the crime of Grand Theft from Person.''

That the evidence supports the judgment there is no question.

Judgment affirmed.

White, P. J., and Fourt, J., concurred.