[Crim. No. 7592.    In Bank.    July 9, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. CHARLES RIDEAUX, Defendant and Appellant.

Virgil V. Becker, under appointment by the Supreme Court, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

PEEK, J.—Defendant Charles Rideaux appeals from a judgment of conviction, following a jury trial, for attempted grand theft (Pen. Code, §§ 487, 664) and petty theft with prior conviction of a felony (Pen. Code, § 667), arising out of instances of a confidence scheme known as the "Jamaican Switch." He admitted prior convictions for petty theft after conviction of a felony, and for violation of a federal narcotic statute.

The victim of the attempted grand theft testified that defendant and Charles Orndorff, a codefendant (who did not appeal), approached him with the suggestion that the victim withdraw money from his bank in order to convince Rideaux, who was posing as a foreign seaman with no trust in banks, that one could easily withdraw funds from a bank and that defendant should deposit in a bank the substantial sum of money he purported to be carrying. The victim refused to place his money in a paper bag along with that belonging to Rideaux unless he could hold the bag. After the victim's money was in the bag defendant grabbed the bag and the two men scuffled. Rideaux escaped but the victim's money remained in the portion of the paper bag defendant left behind.

The victim of the petty theft testified to a similar scheme successfully perpetrated upon her by defendant and a man she identified as Sandy Wallace. After she withdrew her funds from the bank and agreed to safeguard her own money together with the "roll" carried by Rideaux while he had a "good time," her money was placed inside a paper bag and "switched." After defendant was gone she discovered that pieces of scrap paper had been substituted for her money inside the bag.

Defendant denied any knowledge of the incidents and testified that he had been working at a shoeshine establishment on the days in question. His employer also testified that de-

fendant had been working during the period of time involved. Although there were some discrepancies in their testimony, defendant was positively identified by both victims and by the two individuals in whose automobile he forced a ride while escaping from the victim of the unsuccessful attempt. Also, two brown paper bags and some "play" money, of a type utilized in the theft schemes, were found in the car in which defendant was arrested.

Counsel appointed by the District Court of Appeal to represent defendant on appeal from the judgment indicated in his opening brief that in his opinion the appeal was not meritorious. Thereafter, pursuant to a motion by the People, defendant's appeal was dismissed by the District Court of Appeal, apparently on the ground that it was "frivolous." However, since we granted defendant's petition for a hearing the matter is now before us for all appellate purposes. (Cal. Const., art. VI, § 4; *Matter of Zany*, 164 Cal. 724, 728 [130 P. 710].)

■ Defendant's present counsel who was appointed by this court primarily contends that the trial court erred in permitting the district attorney to state to the jury in effect that Negroes were the *only* persons who were disposed to commit the particular crime here involved.

It appears that defendant, his codefendant Orndorff, and all the witnesses for the defense are Negroes. With this fact apparent to all, the prosecutor remarked in his opening argument to the jury: " . . . ordinarily in this type of situation as we have in this case, the person perpetrating the crime is a colored man and that is part of setting the trap for an unwary victim. He acts to indicate that he is a stranger in this country because he doesn't understand or doesn't trust the people living here. He doesn't trust business and he doesn't trust white people or whatever it is, so, in order to set the situation he has to indicate that he does come from some foreign country or land outside of our boundaries and the people generally, but we don't have it in this case as here there is an absence of somebody from the West Indies area, from the Jamaicas or some places in and around that area, and that is generally the area where these crimes are committed. . . ."

However, during his closing argument the prosecutor stated that he wished to apologize for any implication which could be construed as introducing a racial issue, or for any inference that more crimes are committed by colored people merely

because Jamaicans are predominately of Indian and Negro extraction.

Had the district attorney implied that Negroes commit more crimes in general and that the Jamaican Switch is invariably perpetrated by a Negro, thereby inferring that defendant must be guilty because he, too, is Negro, unquestionably there would have been misconduct (see *People* v. *Singh,* 11 Cal.App.2d 244, 255-257 [53 P.2d 403] ; *People* v. *Newman,* 113 Cal.App. 679, 681-683 [298 P. 1044] ; *People* v. *Simon,* 80 Cal.App. 675, 677 et seq. [252 P. 758]), particularly if the inference was made before a predominately white jury (see Note 45 A.L.R.2d 303, 333). But such is not the case. The district attorney merely stated to the jury by way of explanation that because of the nature of a Jamaican Switch there was ''ordinarily'' a colored man involved in its perpetration (see *People* v. *Mueller,* 147 Cal.App.2d 233, 241-242 [305 P.2d 178]), and subsequently he disavowed any improper inference.

Defendant further contends that trial counsel was incompetent in that he allowed, without objection, a police officer to testify to conversations with a defense witness. In an attempt to rebut the testimony of Rideaux's employer who had served as an alibi witness, the People called to the stand a police officer who recited conversations he had with the employer subsequent to the latter's appearance in court. The hearsay statements seriously undermined the credibility of the alibi testimony given by the employer, and it is now argued that the failure of defense counsel to object to this damaging hearsay testimony demonstrates that defendant was denied his constitutional right to effective counsel. But as a matter of practical strategy counsel may have preferred that the officer relate his conversations with the employer rather than to subject the employer, who was subject to recall as a witness (see *People* v. *Raven,* 44 Cal.2d 523 [282 P.2d 866]), to be then confronted with his inconsistent statements to the police officer by way of laying a foundation for impeachment (see Code Civ. Proc., § 2052). Also, defense counsel immediately requested and obtained a continuance in order to recall the employer to the stand to explain all of his statements and testimony concerning whether defendant actually was working in his place of business when the crimes were committed. It therefore appears that counsel afforded defendant a competent defense.

The People urge that the appeal herein was properly dis-

missed and should again be dismissed because the appellate issues presented lack substantial merit. While the propriety of a dismissal is argued vigorously by the parties our decision on the merits makes it unnecessary to resolve that question.

Other contentions urged by defendant do not merit discussion.

The judgment is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Tobriner, J., concurred.