[Crim. No. 24241. Second Dist., Div. Five. Nov. 14, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM ROBERT MILLER, Defendant and Appellant.

## COUNSEL

Fredric A. Spindell, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, James H. Kline and Owen Lee Kwong, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

ASHBY, J.—By information appellant was charged in three counts of robbery in violation of Penal Code section 211 and with two prior convictions. Prior to trial, counts I and III were dismissed and appellant admitted the prior convictions. Following a jury trial appellant was found guilty of robbery as charged in count II and the degree was fixed at first degree. Appellant was sentenced to be imprisoned in the state prison for the term prescribed by law.

### FACTS

On February 9, 1973, Glenard D. Whiting was shopping in downtown Los Angeles, having cashed a payroll check in anticipation of going on a vacation. At about 7:30 p.m. near Sixth and Los Angeles Streets he was approached by appellant and another man who asked if Whiting knew how to get to the 1010 Lookout Hotel. Whiting replied that he never heard of it. Appellant and the other man engaged Whiting in conversation for 15 to 20 minutes as Whiting was walking toward his bus stop. The other man had a Jamaican accent and stated that he had just got off his ship. The Jamaican said that he had given a girl $50 and she was supposed to meet him at the Lookout Hotel. Appellant stated to the Jamaican that the girl had probably taken him and his money. The Jamaican showed that he

still had money by flashing a roll of bills. The conversation turned to whether American blacks could be trusted with money. Whiting got the impression that they wanted him to put his money with theirs to show that blacks could be trusted, but Whiting did not do so.

Appellant then pulled out a small revolver, searched Whiting, and removed a wallet containing $355 from Whiting's jacket pocket. Whiting did not scream or resist because he was frightened.

Whiting positively identified appellant at trial and previously selected appellant's photograph from a group of photographs shown him by the police.

### DEFENSE

Appellant testified that he did not rob Whiting but instead took the wallet by means of a con game known as the Jamaican trust or Jamaican switch, which he played on Whiting with an accomplice, Benjamin Gregory. Gregory played the part of the Jamaican. The bank roll flashed by the Jamaican had real money on the outside but play money on the inside. Appellant warned the Jamaican not to flash money like that on the streets or he might get robbed. The Jamaican said that he had been at sea for nine months and wanted to find a girl, and offered to give appellant and Whiting $25 each if they would help him find a girl. Appellant offered to take the Jamaican to a whore house and said to Whiting, "Come on, let's make this $25." As they were walking, appellant told the Jamaican that his bank roll might get stolen at the whore house and that he should leave his money with appellant and Whiting. The Jamaican said that his captain told him that American blacks could not be trusted. To prove that blacks could be trusted, appellant gave his wallet to Whiting and told Whiting and the Jamaican to walk around the block with it, which they did. When they returned, the Jamaican told Whiting to give his money to appellant to show that Whiting trusted appellant as much as appellant trusted Whiting. Whiting gave his wallet to appellant. Appellant and the Jamaican walked around the block with it and never returned. Appellant testified that he did not have or use a gun that day and did not even own one. He further testified that the incident occurred between 5 and 6 o'clock, not 7:30, and there were many people around.

### ISSUES PRESENTED

The trial court instructed the jury on robbery but did not instruct on theft. No instruction on theft was requested by defense counsel. Appellant now contends that the trial court erred in failing to instruct, *sua sponte*, that the jury could find appellant guilty of the lesser included offense of

theft. Appellant further contends that the prosecutor was guilty of misconduct in his argument to the jury. While we agree that the court should have instructed on theft and that the prosecutor's remarks were improper, we hold that the errors were not prejudicial under the circumstances of this case.

### Lesser Included Offense

According to the defense evidence, what occurred here was not a robbery but a Jamaican switch, a form of theft. (See, e.g., *People* v. *Rideaux,* 61 Cal.2d 537 [39 Cal.Rptr. 391, 393 P.2d 703].) Yet the trial court submitted this case to the jury with no instructions upon simple theft. Appellant contends that the trial court should have instructed *sua sponte* that the jury could find appellant guilty of the lesser included offense of theft. We agree.

Appellant was charged in the information with robbery in that he "did willfully, unlawfully, feloniously and by means of force and fear take personal property from the person, possession and immediate presence of Glenard Whiting." Had the jury believed appellant's testimony that he did not take the victim's money by means of force and fear but by means of the Jamaican switch, appellant was, nevertheless, guilty of taking property from Mr. Whiting. It has long been the law of California that robbery is simply an aggravated form of theft with the additional element of force or fear, and that theft is therefore a lesser but necessarily included offense of robbery. (*People* v. *Jones,* 53 Cal. 58, 59; *People* v. *Church,* 116 Cal. 300, 302-304 [48 P. 125]; *People* v. *Covington,* 1 Cal.2d 316, 320-321 [34 P.2d 1019]; *People* v. *Chandler,* 234 Cal.App.2d 705, 708 [44 Cal.Rptr. 750]; *People* v. *Smith,* 268 Cal.App.2d 117, 121 [73 Cal. Rptr. 859]. See, e.g., *People* v. *Moreland,* 150 Cal.App.2d 417, 419 [309 P.2d 864]; *People* v. *Nelson,* 56 Cal. 77, 80.)

In a trial where the evidence would justify a finding that the defendant is guilty of a lesser but necessarily included offense, the trial court must, on its own motion if necessary, instruct the jury on the lesser included offense. (*People* v. *Hood,* 1 Cal.3d 444, 449-450 [82 Cal.Rptr. 618, 462 P.2d 370]; *People* v. *Cooper,* 268 Cal.App.2d 34, 36-39 [73 Cal.Rptr. 608].) In *People* v. *Church, supra,* 116 Cal. 300, 303, it was stated: "Again, in every trial upon a charge of robbery, where the evidence justifies it, the court should, of its own motion, in the absence of request upon the part of counsel, inform the jury that larceny is included in the offense of robbery, and that their verdict may be framed upon those lines."

This issue was brought to the trial court's attention during the

cross-examination of the victim, when it became obvious what the defense would be. The prosecutor moved to "amend the information" to charge an additional count, grand theft. The trial court denied the motion, saying, "Well, it is pretty clear that the purpose of the pleadings is to put the defendant on notice of what sort of accusations he has to be prepared to defend himself against, isn't it. And of course Mr. Lenoir [defense counsel] has now made it clear that the defense in this case is no robbery but a Jamaican switch, and at this stage of the proceedings now you want to file a grand theft so that he is going to be guilty of an offense based on the defense which he has prepared to meet the allegation of robbery. That's it. Just like that."

However, the theft in this case was a lesser included offense of the robbery charged in the information. Where justified by the evidence it is perfectly proper to convict a defendant of an offense necessarily included in the crime charged against him. (Pen. Code, § 1159; *In re Hess,* 45 Cal. 2d 171, 174-175 [288 P.2d 5].) Just as the People have no legitimate interest in obtaining a conviction of a greater offense than that established by the evidence, a defendant has no right to an acquittal when the evidence is sufficient to establish a lesser included offense. (*People* v. *St. Martin,* 1 Cal.3d 524, 533 [83 Cal.Rptr. 166, 463 P.2d 390]; *People* v. *Sedeno,* 10 Cal.3d 703, 716 [112 Cal.Rptr. 1, 518 P.2d 913]; *People* v. *Olea,* 15 Cal.App.3d 508, 514-515 [93 Cal.Rptr. 265].) The jury should be instructed upon any lesser included offense shown by the evidence because a defendant who is guilty of a lesser included offense has no right to gamble for an acquittal by forcing the jury to take an all or nothing approach.[1] Contrary to the trial court's reasoning, an instruction on theft would have supported appellant's defense, not deprived him of it. (See *People* v. *Covington, supra,* 1 Cal.2d 316, 321; *People* v. *Church, supra,* 116 Cal. 300, 304.)

### PROSECUTOR'S ARGUMENT TO JURY

Although the record contains no discussion of the instructions, it may be inferred that the court indicated prior to the jury arguments that it would not instruct on theft as a lesser included offense. Unfortunately, the prosecutor reacted to this ruling by making improper arguments to the

---

[1]We do not suggest that counsel in the instant case deliberately caused or acquiesced in the omission in instructions for tactical purposes. There is nothing in the record which so indicates. (*People* v. *Tidwell,* 3 Cal.3d 82, 87 [89 Cal.Rptr. 58, 473 P.2d 762]; *People* v. *Horn,* 12 Cal.3d 290, 300 fn. 7 [115 Cal.Rptr. 516, 524 P.2d 1300].) Had the record disclosed a deliberate tactical choice, the omission of instructions on theft would have constituted "invited error." (*People* v. *Graham,* 71 Cal.2d 303, 319 [78 Cal.Rptr. 217, 455 P.2d 153]; *People* v. *Sedeno, supra,* 10 Cal.3d 703, 716 fn. 6; *People* v. *Olea, supra,* 15 Cal.App.3d 508, 514-515.)

jury. He told the jury, "Now this is very important and I want you to keep it in mind and to consider why this is so important. The defendant is admitting, ladies and gentlemen, the Jamaican switch, which under our law would be simple or ordinary theft. It is not and you will not be instructed in this particular case that it is a lesser included offense. [¶] The dice have been rolled so to speak and you will find either robbery in the first or second degree as the Court will instruct you what the law is on that particular crime or nothing at all. There is no lesser included offense here. There is no theft, and I want at this time, at this moment before I pass onto the case in general, to divorce you of any notions you might have that the People can later try this man on the Jamaican switch. This is it. I will not go into the legal rationale why we can't. But it smacks of double jeopardy and other technical legal aspects. [¶] So when you consider this case, remember this is it for this particular offense."[2]

█ The prosecutor's statement was highly improper. Whether appellant subsequently could be prosecuted for theft was not a proper subject for the jury's consideration. (See *People* v. *Beggs,* 178 Cal. 79, 91-92 [172 P. 152] [highly improper for prosecutor to argue that People have no right of appeal]; *People* v. *Bross,* 240 Cal.App.2d 157, 171 [49 Cal.Rptr. 402] [improper for prosecutor to argue theory as to which he knew the court would not instruct].)

### Errors Not Prejudicial

We must now consider whether the prosecutor's argument and the failure to instruct on theft require reversal of the judgment. █ Where the failure to instruct the jury on a lesser included offense deprives a defendant of the constitutional right to have the jury determine every material issue presented by the evidence, the error requires reversal; the appellate court may not weigh the evidence and affirm the judgment on the ground that it is not reasonably probable a correctly instructed jury would have found the defendant guilty only of a lesser included offense. (*People* v. *Modesto,* 59 Cal.2d 722, 730 [31 Cal.Rptr. 225, 382 P.2d 33]; *People* v. *Sedeno, supra,* 10 Cal.3d 703, 720; *People* v. *Horn, supra,* 12 Cal.3d 290, 300-301.)

On the other hand, "in some circumstances it is possible to determine that although an instruction on a lesser included offense was erroneously

---

[2]No objection was offered to these comments at the time they were made. Defense counsel attempted to explain this omission at the time of his motion for new trial, stating ". . . I did not interrupt because I thought I would only magnify the particular situation at the time . . . . I started to get up, but I thought, no, I will only compound the problem."

omitted, the factual question posed by the omitted instruction was necessarily resolved adversely to the defendant under other, properly given instructions. In such cases the issue should not be deemed to have been removed from the jury's consideration since it has been resolved in another context, and there can be no prejudice to the defendant since the evidence that would support a finding that only the lesser offense was committed has been rejected by the jury." (*People* v. *Sedeno, supra* at p. 721.)

█ In the instant case the jury was properly instructed that "[r]obbery which is perpetrated by one or more persons any one of them being armed with a dangerous or deadly weapon is robbery in the first degree. All other kinds of robbery are of the second degree. [¶] If you should find the defendant guilty of robbery, it will be your duty to determine the degree thereof and to state that degree in your verdict." (CALJIC No. 9.11.) The jury returned a verdict of first degree robbery.

Under the instructions given, the jury had three options. It could believe the victim's entire testimony and return a verdict of first degree robbery. The jury could also return a verdict of second degree robbery by believing the testimony that appellant forcibly took the wallet from the victim's jacket and that the victim was frightened (see *People* v. *Church, supra,* 116 Cal. 300, 302-303), but rejecting the testimony that appellant had a gun. The jury could also acquit, believing that no robbery took place.

The fact that the jury chose a first degree verdict rather than a second degree verdict shows that the jury believed the victim's testimony that appellant committed an armed robbery, and rejected appellant's testimony that he committed a lesser offense. The verdict rendered, in light of the instructions given, shows that the jury considered and "rejected the evidence tending to prove the lesser offense . . . ." (*People* v. *Sedeno, supra* at p. 721.) Under the instructions given, the jury did consider the material issues presented by the evidence. The verdict shows that the jury disbelieved appellant's testimony. Neither the failure to instruct on theft nor the prosecutor's remark contributed to the verdict.

The judgment is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.