[Crim. No. 2432.   Third Dist.   May 26, 1953.]

THE PEOPLE, Respondent, v. STERLING M. RUSSELL, Appellant.

John L. Briscoe for Appellant.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—Appellant was charged with the crime of robbery and was convicted by a jury of that crime in the second degree. He appeals from the judgment and from the order denying his motion for a new trial.

About midnight on August 20, 1952, two police officers in a patrol car noticed a "scuffle" in front of St. Mary's Parish House near the intersection of Washington and Hunter Streets in Stockton. They stopped two men who were walking away from the scene, one of whom was appellant. The officers searched the men and questioned them. Appellant told them that a drunken white man had staggered into him, called him a "nigger" and that he had shoved the man out of his way. At the time one Claud Dollar was sitting on or leaning against the steps of the parish house. He got up, walked over and leaned against an iron railing, and the officers testified that he appeared to them to be apparently normal and not injured in any way, although they did not examine him closely. They told appellant and his companion to be on their way and the officers drove on. But one of them said to the other that all did not seem to be right, so they turned their car and drove back to the scene. They then saw appellant walking across the street, away from the parish house, and they found Claud Dollar lying down on or by the front step. His left eye was cut and bleeding. They searched appellant and removed a wallet from his right front trousers' pocket. It was the wallet of Claud Dollar. They also found in appellant's left front trousers' pocket two $20 bills and one $10 bill. He also had a $1.00 bill. It is stated in respondent's statement of facts that this money was identified as being that of Claud Dollar, but that statement is not borne out by the record. Appellant was asked why he had returned to the parish house and he said he had gone back to look for a newspaper he had dropped, that he had not found it, had given up the search and was walking across the street when the officers stopped him. A newspaper such as he described was found by the officers lying on the sidewalk near the parish house. Appellant said he had picked up the wallet from the sidewalk and denied taking it from Dollar. The prosecuting witness, Claud Dollar, had been drinking. He said he

left his residence in the afternoon with about $57, two twenties, a ten, a five and some change. He had played draw poker in the Savoy Bar where he did his drinking. He recalled starting home and had no further recollection of what occurred that night until he found himself in the hospital where the cut on his eye was being sutured. He said he did not recall ever having seen appellant until the preliminary hearing. He knew nothing of the incidents above related. He identified his wallet. But as to what occurred after he left the bar he said his mind was just a blank. Appellant claimed that the money found on him was his own; that he had earned it in part and in part had received it from his father in Texas. In support of this statement he produced the manager of the Stockton office of the Western Union Telegraph Company who produced the records of his company to show that on the day before the alleged offense the sum of $50 had been transmitted to appellant by telegraph from Texas, by one Willie Russell.

Appellant contends that the evidence is insufficient to support the judgment of conviction. Specifically he asserts there is no proof of the necessary element of the use of force or fear in the consummation of the alleged robbery. █ That this element is essential appears from the definition of robbery in Penal Code, section 211, which declares: ''Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.'' (See, also, *People* v. *Welsh,* 7 Cal.2d 209 [60 P.2d 124].) █ Proof that the taking was accomplished by the use of either force or fear is sufficient (*People* v. *Kuranoff,* 100 Cal.App.2d 673, 678 [224 P.2d 402]), but proof of the use of one or the other must be made. █ No attempt is made, and none could successfully be made, to find support in this record for a conclusion that fear was used. The prosecuting witness eliminates that element conclusively by his testimony that from a time considerably before the time definitely fixed by the officers as the time of the commission of the crime, if it was committed, the prosecuting witness was in a state of amnesia. In the presence of this testimony, and in the absence of anything to contradict it, there is nothing upon which to base a finding of the use of fear in the consummation of the alleged robbery. █ A much closer question is presented as to the use of force. Both the upper and the lower lids of Dollar's eye were cut, and suturing required five stitches. The record

is utterly barren of any evidence as to how this wound was inflicted. Dollar had been drinking and, as he put it, had passed out. He weaved when he walked. It is sheer speculation to conclude that he had been struck by appellant rather than that he fell and suffered the damage to his eye. That appellant had Dollar's wallet, even that the money found upon appellant belonged to Dollar, goes no further than to prove some of the elements of robbery. It equally tends to prove petty theft. But the additional necessary element to support a conviction of robbery, to wit, that the money or the wallet was taken by appellant through the use of force upon Dollar rests upon nothing but speculation.

The judgment and the order appealed from are reversed.

Peek, J., and Schottky, J., concurred.