[Crim. No. 7629.   Second Dist., Div. One.   Nov. 30, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. RAYMOND GEORGE READE, Defendant and Appellant.

Raymond George Reade, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman G. Taylor, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Defendant was charged with robbery of checks and papers in violation of section 211, Penal Code; he waived his right to a trial by jury; the court found him guilty of robbery, second degree; and he appeals from the judgment of conviction.

Defendant neither testified on his own behalf nor offered a defense. The following facts are uncontradicted. On July 8, 1960, around 2:30 p. m. Mary T. Homma, a cashier for the Pacific Finance Company, left her office to make the company's daily bank deposit; in her left hand she carried an envelope containing 25 checks, 25 money orders and 8, $5.00 bills. She walked down the corridor and as she turned toward the stairway to descend to the first floor, defendant who had been standing there snatched the envelope from her hand, shoved her to the floor and ran down the stairs out of the building. She "screamed" and "hollered out" to the man who operated the candy store in the lobby, "Help, help, Max, catch the fellow in the green that is running out of the building."

Appellant's sole contention is that the evidence shows neither force nor fear used at the time the envelope was taken from the victim and at most it supports a finding of grand larceny.

Section 211, Penal Code, defines robbery as the felonious taking of personal property from the person of another and against his will, "accomplished by means of force or fear." Thus, although the taking may be accomplished by the use of either force or fear (*People* v. *Kuranoff,* 100 Cal.App. 2d 673 [224 P.2d 402]), proof of one or the other must be made in order to sustain a conviction of robbery. (*People* v. *Russell,* 118 Cal.App.2d 136 [257 P.2d 39].)

The record before us supports no conclusion that Miss Homma was in fear, for she testified that she was only startled when the envelope was snatched from her hand and that defendant did not put her in fear. Appellant argues that neither does the evidence support a finding of the force contemplated in section 211, inasmuch as the shove occurred *after* the envelope was taken from Miss Homma and its sole purpose was to "by-pass" her in the narrow stairway. He relies mainly on *People* v. *Church,* 116 Cal. 300 [48 P. 125], to the effect

that the "grabbing or snatching of property from the hand is not robbery but grand larceny, in the absence of the use of force in the taking." (A.O.B., p. 6.) If there was no evidence in the record before us to indicate that the taking was accomplished by means of force, the rule of *People* v. *Church, supra,* would undoubtedly control; but this is not here the situation. Miss Homma testified that defendant snatched the envelope out of her hand, shoved her to the floor and ran past her down the stairs, out of the building and into the street; that as a result of the shove she fell to the floor on her buttocks, the fall injured her, and her buttocks were sore and "black and blue for quite a while."

*People* v. *Church,* 116 Cal. 300 [48 P. 125], the facts of which appellant likens to those at bar, involved only the simple "grabbing" of the victim's watch and chain from his vest and running with them out of the door. The issue there was whether an instruction, which in effect eliminated grand larceny from the case, was erroneous. The court, stating the rule that there must be force or fear in the taking to constitute robbery, held that whether the crime constituted robbery or grand larceny "was dependent upon the absence or presence of the use of force in the taking; and the use or non-use of force by defendant was a question of fact essential for the jury to determine in fixing the crime of which the defendant should be convicted." (P. 302-303.) Thus it is clear that where there is evidence of force or fear in the taking of an object "snatched" from the person of the victim a conviction of robbery will be sustained (*People* v. *Jefferson,* 31 Cal.App. 2d 562 [88 P.2d 238]); and the record before us reveals that in shoving Miss Homma, defendant exerted sufficient force to cause her to fall to the floor and result in injury to her, and such as to incapacitate her to the extent that she could not readily recover the envelope from defendant or immediately pursue him, thus permitting his escape from the building.

Relative to appellant's contention that the shove occurred *after* the envelope was taken, thus the "taking" could not be "accomplished by means of force," we refer to the recital in the evidence of several acts of defendant which occurred so "fast" in point of time as to constitute a single incident. According to the victim they happened "very, very quickly," "very fast"; defendant snatched the envelope from her hand and at almost the same instant shoved her to the floor and ran out of the building. Although the shove may have made

it possible to "by-pass" her on the narrow stairway as appellant claims, it was obviously employed to create a condition to prevent Miss Homma from frustrating his act or thwarting him in his escape. Thus, to say that the force used was not part of the crime of robbery is to make an unwarranted distinction for the benefit of thieves, for their escape with the loot by means of force is as important in the commission of the crime as gaining possession of the property in the first instance.

Robbery, being a combination of assault and larceny, also includes asportation; and the appropriation of another's property is a transaction which continues after the thief's departure from the place where the property was seized. (*People* v. *Wallace*, 36 Cal.App.2d 1 [97 P.2d 256].) Robbery is not completed at the moment the stolen property is in the robber's possession since the crime includes the element of asportation. (*People* v. *Melendrez*, 25 Cal.App.2d 490 [77 P.2d 870]; *People* v. *Raucho*, 8 Cal.App.2d 655 [47 P.2d 1108].) In *MacGruer* v. *Fidelity & Cas. Co.*, 89 Cal.App. 227 [264 P. 501], the construction of a payroll insurance policy was involved; the policy protected the insured against felonious taking by violence inflicted upon the person of the victim, the language of which conformed generally to the definition of robbery found in section 211. The following incident is reported: As money from a payroll was being passed from the hand of the victim to another employee, a voice said, "I'll take this"; whereupon, the hand of a stranger came between them and grabbed the money. Up to this point no force was used; however, when the victim, who had been startled by the incident, realized what had occurred he started pursuit; in his escape, to prevent capture and hinder his pursuer, the thief pulled a gun and fired several shots; because of the danger the victim ended the pursuit and the thief escaped. Said the court at page 237: "The entire transaction from the appearance of the hand to the last shot immediately preceding the escape constituted but one connected occurrence." It was reasoned that "the loss of the payroll was not in any sense due to the mere gaining of possession, but was the result of the violence used and fear engendered thereby" (p. 238); and the court held that a robbery had been committed. Although no fear existed in the case at bar, it is clear that the loss of the envelope was due to more than the mere snatching of the same from the victim, but also to the force used to

prevent her from interfering with defendant's possession of the stolen envelope and his escape with it.

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied December 27, 1961, and appellant's petition for a hearing by the Supreme Court was denied January 24, 1962.