[Crim. No. 3436. Third Dist. July 18, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. EMANUEL WELCH, Defendant and Appellant.

Jack Lee Burford, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and Doris H. Maier, Assistant Attorney General, for Plaintiff and Respondent.

PIERCE, P. J.—On a charge of robbery, the court found defendant guilty of second degree robbery. Defendant appealed.

Upon defendant's request an attorney was appointed to represent him on the appeal. This attorney has advised the court that after reviewing the record, he is of the opinion there are no valid grounds for an appeal. After an independent review of the record, we reach the same conclusion.

On September 24, 1962, at approximately 10 a. m., prosecution witnesses, Dodgson, Stewart and Lowery, were having coffee at Cooper's Doughnut Shop at 2d and "K" Streets in Sacramento, when defendant, who had been in and out of the shop that morning, walked into the shop again, approached Dodgson, grabbed him by the neck, took his wrist watch and ran from the place. Dodgson described him to a police officer as "a very large colored man," and accompanied the officer on a tour of the vicinity. Defendant was apprehended on the street shortly thereafter. After he had been identified by Dodgson as the person who took his watch, the

police searched defendant and found the watch, with the wristband broken, in his pocket.

Defendant was not only identified by Dodgson, but also by Lowery and Stewart.

Defendant, testifying on his own behalf, denied he had taken the watch from Dodgson, and testified that he had bought the watch for one dollar from a white man who had approached him on the street earlier that morning, and that the wristband broke when he tried to put it on. Earlier, when defendant had told this story (separately), to both the police officer and the district attorney, he had stated it was Dodgson who had sold him the watch. Testifying, he said it was not Dodgson but another.

Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear. (Pen. Code, § 211.) It is sufficient if there is evidence of either force or fear. Here the taking of the watch "snatched" from Dodgson is sufficient evidence of force. (See e.g., *People* v. *Jefferson,* 31 Cal.App.2d 562 [88 P.2d 238] ; *People* v. *Reade,* 197 Cal.App.2d 509 [17 Cal.Rptr. 328].)

Judgment is affirmed.

Schottky, J., and Friedman, J., occurred.