Filed 8/20/14  P. v. Sauls CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B247335 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA354329) |
| v. | |
| THEOPHILIS SAULS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dennis J. Landin, Judge.  Conditionally reversed.

Jonathan P. Milberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell and Corey J. Robins, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Theophilis Sauls was convicted following a jury trial of a number of crimes arising from a three-month spree of purse-snatchings. On appeal Sauls challenges only his conviction for first degree robbery, contending as to that single count the trial court erred in failing to instruct sua sponte on the lesser included offense of grand theft from a person. We agree, conditionally reverse the judgment and remand with instructions.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *The Information*

An information charged Sauls with seven counts of second degree robbery (Pen. Code, § 211),[1] grand theft from a person (§ 487, subd. (c)), first degree robbery of a person using an automated teller machine (ATM) (§§ 211, 212.5, subd. (b)), attempted second degree robbery (§§ 211, 664), and assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)). It was specially alleged Sauls had suffered two prior serious felony convictions (for robbery) within the meaning of the three strikes law and section 667, subdivision (a), and had served two prior prison terms for felonies. It was also specially alleged as to count 6, one of the second degree robbery charges, that the victim was more than 65 years old. Sauls pleaded not guilty and denied the special allegations.

2. *Evidence at Trial Relating to First Degree ATM Robbery*

With respect to count 8, first degree robbery of a person using an ATM or immediately after the person had used an ATM, the only charge at issue on appeal, Deanne Fabro testified she withdrew $260 from an ATM at approximately 10:15 a.m. on February 15, 2009 and returned to her car, carrying her wallet under her right arm. As she reached her car and began to unlock the door, Sauls came up behind her and tried to "take [the wallet] from underneath my arm." Sauls immediately ran away after he took the wallet.

On direct examination Fabro described herself as "holding onto [the wallet] very tightly." Then, "[Sauls] just jerked it from underneath my arm. He just grabbed it." She

---

[1]     Statutory references are to the Penal Code.

reacted by "trying to hold onto it." Fabro also stated, "[I]t was a very brief struggle. I really did try to hold onto it, but there was no way I could. He just jerked it out from underneath my arm." She pointed out that "[i]t happened very fast. So there was nothing I could do. He took my wallet."

During Fabro's call to the police emergency number immediately after the incident, the operator asked, "So he forced it out of your hand; right?" Fabro responded, "Yes. I have a witness here." However, on cross-examination Fabro said the encounter was "not really a struggle. He just yanked [the wallet] from underneath my arm."

Fabro identified Sauls in court as the individual who had taken her wallet. The defense theory of the case was that this identification, based on a very brief encounter with the perpetrator, was unreliable. In support of his defense, Sauls presented an eyewitness identification expert who explained the difficulties with such identifications. Sauls did not testify.

### 3. *Jury Instructions*

The trial court properly instructed the jury pursuant to CALCRIM No. 1600 on the elements of robbery. Neither the People nor Sauls requested an instruction on the lesser included offense of grand theft from a person as to count 8; the court did not give the lesser included instruction sua sponte.

### 4. *Verdict and Sentence*

The jury found Sauls guilty on all counts and found true the age enhancement as to count 6. Sauls waived his right to a trial on the prior conviction allegations and admitted them. The trial court sentenced Sauls to an aggregate state prison term of 64 years four months to life.[2]

---

[2]   The court imposed an indeterminate life term and a series of consecutive determinate terms for Sauls's multiple convictions. The court first sentenced Sauls on count 6 (second degree robbery) to 25 years to life as a third strike offender plus 10 years for the two prior serious felony conviction enhancements under section 667, subdivision (a), plus one year for a prior prison term enhancement and an additional year for the victim's age enhancement, totaling 37 years to life. The court dismissed one of the strike priors for purposes of sentencing on all other counts and imposed determinate

3

**DISCUSSION**

1. *Sauls Was Entitled to an Instruction on the Lesser Included Offense of Grand Theft from a Person*

    a. *Standard of review*

"'The trial court is obligated to instruct the jury on all general principles of law relevant to the issues raised by the evidence, whether or not the defendant makes a formal request.' [Citations.] 'That obligation encompasses instructions on lesser included offenses if there is evidence that, if accepted by the trier of fact, would absolve the defendant of guilt of the greater offense but not of the lesser.'" (*People v. Rogers* (2006) 39 Cal.4th 826, 866; accord, *People v. Whalen* (2013) 56 Cal.4th 1, 68; see *People v. Breverman* (1998) 19 Cal.4th 142, 154 [sua sponte duty].) "Nevertheless, 'the existence of "any evidence, no matter how weak" will not justify instructions on a lesser included offense. . . .' [Citation.] Such instructions are required only where there is 'substantial evidence' from which a rational jury could conclude that the defendant committed the

---

sentences of two years each (one-third the middle term of three years doubled) on the remaining six second degree robbery counts (1-5 and 11), or 12 additional years, to be served consecutively to sentence on count 6. On counts 7 (grand theft from a person) and 9 (attempted second degree robbery), the court imposed additional consecutive terms of 16 months each (one-third the middle term of two years doubled) and on count 8 (first degree robbery)—the one charge at issue here—imposed a consecutive term of two years eight months (one-third the middle term of four years doubled). Sentence on count 10 (aggravated assault) was stayed pursuant to section 654. To these determinate consecutive terms the court also added an additional enhancement of 10 years for the two prior serious felony convictions under section 667, subdivision (a).

The trial court erred in imposing consecutive subordinate term sentences (one-third the middle term doubled) on all nine counts subject to determinate sentencing, rather than selecting one of those counts to serve as the principal determinate term and imposing the full upper, middle or lower term (doubled) on that count, with the remaining terms treated as subordinate terms under section 1170.1. (See, e.g., *People v. Rodriguez* (2012) 207 Cal.App.4th 204, 210-211 [trial court separately determines sentence to be imposed for indeterminate term crimes and determinate term crimes].) The trial court is directed to correct this error when it resentences Sauls on remand following the People's decision whether to retry count 8 with a proper lesser included instruction.

4

lesser offense, and that he is not guilty of the greater offense." (*People v. DePriest* (2007) 42 Cal.4th 1, 50; accord, *Whalen*, at p. 68.)

Substantial evidence is defined for this purpose as "evidence sufficient to 'deserve consideration by the jury,' that is, evidence that a reasonable jury could find persuasive." (*People v. Barton* (1995) 12 Cal.4th 186, 201, fn. 8.) "In deciding whether evidence is 'substantial' in this context, a court determines only its bare legal sufficiency, not its weight." (*People v. Breverman, supra*, 19 Cal.4th at p. 177.) Further, "[i]n deciding whether there is substantial evidence of a lesser offense, courts should not evaluate the credibility of witnesses, a task for the jury." (*Id.* at p. 162.) We determine whether the substantial evidence test was met under an independent or de novo standard of review. (*People v. Waidla* (2000) 22 Cal.4th 690, 733.)

> b. *Substantial evidence would support a finding the theft of Fabro's wallet was committed without the use of force or fear*

Robbery is "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) In general, theft is the felonious taking, carrying, stealing, leading, or driving away of the personal property of another, or the appropriation of property, labor or money by fraudulent means. (§ 484, subd. (a).) "'The greater offense of robbery includes all of the elements of theft, with the additional element of a taking by force or fear.'" (*People v. Whalen, supra*, 56 Cal.4th at p. 69; accord, *People v. Davis* (2005) 36 Cal.4th 510, 562; see *People v. Castaneda* (2011) 51 Cal.4th 1292, 1331 ["'"[t]heft is a lesser included offense of robbery, which includes the additional element of force or fear"'"].)

To constitute a robbery the perpetrator must use more "than just that quantum of force which is necessary to accomplish the mere seizing of the property." (*People v. Morales* (1975) 49 Cal.App.3d 134, 139; accord, *People v. Burns* (2009) 172 Cal.App.4th 1251, 1256; see also *People v Anderson* (2011) 51 Cal.4th 989, 995.) "[W]here a person wrests away personal property from another, who resists the effort to do so, the crime is robbery not merely theft." (*Burns*, at p. 1257.) The determinative factor is the amount of

5

force used, and all the force required to make the theft a robbery is """"such force as is actually sufficient to overcome the victim's resistance."""" (*Id.* at p. 1259; accord, *People v. Lescallett* (1981) 123 Cal.App.3d 487, 491.)

Sauls contends, based on inconsistencies in Fabro's testimony, a properly instructed jury could have found he was the perpetrator but did not use force or fear to obtain her wallet, making him guilty of theft, not robbery. Accordingly, Sauls argues, it was error not to instruct sua sponte on the lesser included theft offense. (See *People v. Church* (1897) 116 Cal. 300, 303-304 [conflicting testimony whether defendant took victim's watch by force required instruction on theft]; *People v. Morales, supra*, 49 Cal.App.3d at pp. 140-141 [instruction on theft necessary when it was unclear whether victim fell or was pushed by defendant when victim's purse was taken].) We agree.

When questioned on direct examination, Fabro testified she had a tight grip on the wallet and struggled to keep it from her assailant—evidence of resistance sufficient to support the robbery conviction. On cross-examination, however, she testified there was "not really a struggle. He just yanked it from underneath my arm." In addition, Fabro explained, "It happened very fast. So there was nothing I could do," suggesting Fabro did not even have time to resist. If that version of the incident is credited, Sauls may have used no more force than necessary to take the wallet from under Fabro's arm—theft, not robbery. A properly instructed jury should have resolved that intensely factual issue. (See *People v. Burns, supra*, 172 Cal.App.4th at p. 1258 ["[w]here the evidence would support either crime and robbery is charged, the better practice is to instruct the jury on the lesser crime as well"].)

In contrast, in appellate decisions involving robbery convictions in which the court found no duty to instruct on grand theft from a person, there were clear, unambiguous displays of force. Thus, in *People v. Jones* (1992) 2 Cal.App.4th 867 the evidence at trial established the force used had caused a cut on the victim's finger and injured her shoulder, making the crime necessarily robbery, not theft; in *People v. Mungia* (1991) 234 Cal.App.3d 1703 the victim had been shoved as her purse was taken; and in *People v. Roberts* (1976) 57 Cal.App.3d 782 the victim's purse was grabbed with such force the

6

handle broke. (See also *People v. Lewis* (1990) 50 Cal.3d 262, 276 [robbery victim found dead with bullet and stab wounds].) More recently, in *People v. Burns, supra*, 172 Cal.App.4th 1251 our colleagues in Division Four of this court found nothing in the record could support a conclusion the crime (a purse snatch) was only grand theft from the person. When the victim in *Burns* tried to hold onto her purse in response to defendant's grab, defendant responded by continuing to pull while stepping on the victim's toe. (*Id.* at p. 1255.) This persisted until the victim could not "hold onto it any longer" and her resistance was overcome. (*Ibid.*)

In sum, when, as here, the evidence of the perpetrator's actions and the victim's response is unclear, whether a taking involved force is a question for the jury to determine. The court's failure to instruct on theft as a lesser included offense of robbery was error. (See *People v. Church, supra,* 116 Cal. at pp. 303-304; *People v. Burns, supra,* 172 Cal.App.4th at p. 1259.)

2. *The Instructional Error Was Not Harmless*

"[W]hen a trial court violates state law by failing to properly instruct the jury on a lesser included offense, this test applies: '[I]n a noncapital case, error in failing sua sponte to instruct, or to instruct fully, on all lesser included offense[s] and theories thereof which are supported by the evidence must be reviewed for prejudice exclusively under [*People v.*] *Watson* [(1956) 46 Cal.2d 818, 836]. A conviction of the charged offense may be reversed in consequence of this form of error only if, "after an examination of the entire cause, including the evidence" (Cal. Const., art. VI, § 13), it appears "reasonably probable" the defendant would have obtained a more favorable outcome had the error not occurred.'" (*People v. Lasko* (2000) 23 Cal.4th 101, 111; see *People v. Breverman, supra*, 19 Cal.4th at pp. 177-178 ["a determination that a duty arose to give instructions on a lesser included offense, and the omission of such instructions in whole or in part was error, does not resolve the question whether the error was prejudicial. Application of the *Watson* standard of appellate review may disclose that, through error occurred, it was harmless"]; see also *People v. Moye* (2009) 47 Cal.4th 537, 556.)

7

Here, the evidence Sauls used some degree of force to overcome Fabro's tight grip on her wallet was not unequivocal. Portions of Fabro's testimony plainly support a finding she resisted the theft of her wallet and Sauls's effort to wrench it free was sufficient to constitute robbery (that is, he used more than the quantum of force necessary to seize the wallet). On the other hand, it is reasonably probable Fabro's testimony Sauls approached her from behind, the crime occurred quickly and there was no struggle could have created a reasonable doubt whether the element of force was present, leading to a conviction only on the lesser included offense of grand theft from a person. If the jury had been properly instructed, either verdict could have been returned. The instructional error was not harmless.

3. *Conditional Reversal*

"When a greater offense must be reversed but a lesser included offense could be affirmed, we give the prosecutor the option of retrying the greater offense, or accepting a reduction to the lesser offense." (*People v. Kelly* (1992) 1 Cal.4th 495, 528.) We therefore conditionally reverse Sauls's conviction for violating sections 211 and 212.5. (See § 1260; *People v. Edward*s (1985) 39 Cal.3d 107, 118 ["'An appellate court is not restricted to the remedies of affirming or reversing a judgment. Where the prejudicial error goes only to the degree of the offense for which the defendant was convicted, the appellate court may reduce the conviction to a lesser degree and affirm the judgment as modified, thereby obviating the necessity for a retrial.'"]; *People v. Sanchez* (2013) 221 Cal.App.4th 1012, 1028; *People v. Woods* (1992) 8 Cal.App.4th 1570, 1596.)

## DISPOSITION

Sauls's conviction for first degree robbery (count 8) is reversed with the following directions: If the People do not retry Sauls for first degree robbery pursuant to section 1382, subdivision (a)(2), within 60 days after the remittitur is filed or if the People file a written election not to retry Sauls, the trial court shall proceed as if the remittitur modified the judgment to reflect a conviction for grand theft from a person rather than for first degree robbery on count 8 and resentence Sauls accordingly, as well as to correct the sentencing error discussed in footnote 2, above. The convictions on all other counts are affirmed.

PERLUSS, P. J.

We concur:

WOODS, J.

SEGAL, J.[*]

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.