Filed 12/21/20  P. v. Aguilar CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B301781 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA121067) |
| v. | |
| HECTOR IVAN AGUILAR | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Stacy L. Wiese, Judge.  Affirmed.

Jason M. Howell, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

# INTRODUCTION

Appellant challenges his conviction of second-degree robbery and shoplifting. On appeal, he argues: (1) substantial evidence does not support the robbery conviction; and (2) the trial court prejudicially erred by failing to instruct the jury sua sponte on the lesser included offense of grand theft.

We disagree and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In an Information filed June 14, 2019, appellant Hector Ivan Aguilar was charged with the second degree robbery of Douglas Tu, a violation of Penal Code[1] section 211, and shoplifting from Los Compadres Market, a violation of Penal Code section 459.5. The Information further alleged pursuant to section 667.5, subdivision (b) that appellant suffered two prior convictions. Appellant entered pleas of not guilty to both counts.

On August 1, 2019, trial by jury commenced.

The evidence at trial established that on May 16, 2019, at 9:04 a.m., appellant entered Los Compadres Market in Baldwin Park, walked straight to the last refrigerator at the back of the store, picked up a chocolate milk from the refrigerator, and put it in his backpack. The market's owner Frank Chen was working at the cash register that morning; he observed appellant "walk[] past the cash register without paying, and . . . as he was walking, he also picked up a loaf of bread and . . . left the store." Chen observed appellant take the chocolate milk on the video surveillance camera.

---

[1] All further undesignated statutory references are to the Penal Code.

2

At approximately 9:20 a.m. that same morning, appellant walked up to Douglas Tu, who was ordering a breakfast plate at the outdoor counter at Linda's Burgers in Baldwin Park. Appellant asked if Tu "could order him a soda." Tu declined because he didn't know appellant. Appellant "just stood there looking at" Tu and then "back[ed] off" and stood nearby.

Tu's breakfast order was prepared and placed in a to-go bag for pick-up on the counter. Tu had put his hand "on the handle of the bag" when appellant came from Tu's left side, "rammed against" him, and grabbed the to-go bag; Tu was left "holding a small sliver of plastic of the bag." According to Tu, appellant "full body pushed against" him and kicked his left leg's shin, when taking the to-go bag from him. Tu was "moved some distance" upon impact. Appellant then left Linda's Burgers.

At trial, a surveillance video of the alleged shoplifting incident from Los Compadres Market was admitted and played for the jury, as well as a surveillance video of the alleged robbery at Linda's Burgers.[2] Chen and Tu testified at trial. Appellant did not call witnesses or present evidence.

The trial court instructed the jury with CALCRIM No. 1600, which lists the elements for robbery, and CALCRIM

---

[2] This panel of justices has reviewed the surveillance video of the robbery incident at Linda's Burgers, which was admitted into evidence as People's Exhibit No. 5.

No. 1800, which lists the elements for the lesser included offense of petty theft, a violation of section 484.[3]

On August 5, 2019, the jury found appellant guilty as charged.

At sentencing, the court struck appellant's prior convictions and sentenced him to a total term of three and one-half years, selecting the mid term of three years for the robbery conviction and 180 days for the shoplifting conviction. The court also imposed mandatory fines and fees.

Appellant timely appealed.

---

[3]     CALCRIM No. 1600:  To prove robbery, the People must show 1) the defendant took property that was not his own; 2) the property was in the possession of another person; 3) the property was taken from the other person in his/her immediate presence; 4) the property was taken against that person's will; 5) the defendant used force or fear to take the property or to prevent the person from resisting; and 6) when the defendant used force or fear to take the property, he intended to deprive the owner of the property permanently.

CALCRIM No. 1800:  To prove petty theft, the People must show 1) the defendant took possession of property owned by someone else; 2) the defendant took property without the owner's consent; 3) when the defendant took the property, he intended to deprive the owner of it permanently; and 4) the defendant moved the property and kept it for any period of time.

# DISCUSSION

I.    <u>Substantial Evidence Supports the Robbery Conviction</u>

Appellant argues the evidence is insufficient to support his second degree robbery conviction because the evidence does not prove he used any means of force or fear when he stole Tu's food. Appellant contends the only physical contact between him and Tu occurred when "appellant attempted to spin *away* from Tu with the bag of food already in hand." Appellant argues the surveillance video shows his contact with Tu was "merely incidental to the taking" and as such, cannot constitute the force required to sustain a robbery conviction.

Robbery is "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished *by means of force or fear*." (§ 211, italics added.) The amount of force required to sustain a robbery conviction is "some quantum force in excess of that 'necessary to accomplish the mere seizing of the property.' " (*People v. Anderson* (2011) 51 Cal.4th 989, 995.) Even a "slight push" or " 'tap' " against the victim is sufficient. (*People v. Garcia* (1996) 45 Cal.App.4th 1242, 1246 (*Garcia*), disapproved on other grounds in *People v. Mosby* (2004) 33 Cal.4th 353, 365, fns. 2, 3.)

In assessing a challenge to the sufficiency of the evidence supporting a conviction, we review " 'the entire record in the light most favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' " (*People v. Wilson* (2010) 186 Cal.App.4th 789, 805.) On appeal, "all conflicts in the evidence and reasonable inferences must be resolved in favor of the judgment." (*People v. Mitchell* (1986) 183 Cal.App.3d 325, 329.) As

5

appellant's first contention on appeal addresses only the "force of fear" element of robbery, we review the record for substantial evidence as to that element alone.

We are guided in our analysis by the decision in *Garcia*. There, the reviewing court found "[t]he evidence [demonstrated] defendant approached the cashier . . . and gave her a slight push, 'like a tap,' on her shoulder with his shoulder. . . . Defendant then reached into the open register, grabbed the money and escaped. The cashier was not injured." (*Garcia, supra,* 45 Cal.App.4th at p. 1246.) The defendant in *Garcia* "concede[d] he touched the cashier in the course of taking the money" but argued the touching was incidental. (*Ibid.*) The Court of Appeal disagreed and found "the touching was more than incidental and was not merely the force necessary to seize the money. The defendant did not simply brush against the cashier as he grabbed for the money. He intentionally pushed against her to move her out of the way so he could reach into the register." (*Ibid.*)

Here, similarly, substantial evidence supports the robbery conviction, in that appellant, much like the defendant in *Garcia*, accomplished the theft by using his body to push the victim Tu out of the way. Specifically, Tu testified appellant "rammed" against him, i.e., appellant "full body pushed" against him, causing Tu to be "moved some distance" upon impact. As stated in *Garcia*, "the touching was more than incidental and was not merely the force necessary to seize" the food. (*Garcia, supra,* 45 Cal.App.4th at p. 1246.) Appellant here did not merely brush against Tu as he grabbed the to-go bag; appellant intentionally used his body and pushed or "rammed" against Tu to move him out of the way so he could successfully rob Tu of his breakfast order and get away.

6

Additionally, while appellant contends the video of the surveillance footage from Linda's Burgers captures a "dramatically different account[] of the taking" than what Tu's testimony provided, we find quite the opposite. The video shows appellant's body came into contact with Tu with enough force to cause Tu to stumble off-balance away from appellant toward one side of the counter; the video shows appellant grabbed the to-go bag out of Tu's grip while the physical contact took place. Appellant points out the video does not show Tu getting kicked in the shin by appellant; however, Tu addressed that during his testimony, stating the kick was not visible in the video, but he had felt a kick in the shin of his left leg.

Appellant acknowledges the footage shows physical contact between appellant and Tu, but he argues it lasted "no more than a split second" and occurred as "appellant [was] spinning away to Tu's left in order to leave the scene." Appellant contends "it is not apparent [from the video] that *force was intended*" because the contact occurred "as appellant already ha[d] the food in hand and [was] spinning away." (Italics added.) We are not persuaded by these arguments as the requisite "use of force or fear" need not occur at the time of the taking of the property and can occur in retaining or carrying away the property from the victim's presence. (*People v. McKinnon* (2011) 52 Cal.4th 610, 686.) Moreover, whether the contact was intentional, and whether it was more force than was needed to seize the food, were issues for the jury to decide. As stated above, under our standard of review, we view the evidence in the light most favorable to the judgment. We have no doubt a reasonable jury could find from the footage an intentional use of force in excess of what was necessary to accomplish the theft.

The testimony and the surveillance footage constitute substantial evidence from which a reasonable trier of fact could find that appellant used his body to push Tu to the side to accomplish his intended theft of Tu's breakfast take-out. We conclude appellant's second degree robbery conviction is supported by substantial evidence.

II.     Trial Court Did Not Err When It Did Not Instruct the Jury on Grand Theft

The trial court instructed the jury on the lesser included offense of petty theft. Nevertheless, appellant argues the trial court erred by failing to instruct the jury on grand theft as well (see § 487, subd. (c)). He contends the trial court had a duty to instruct on the lesser included crime of grand theft, because the evidence proffered as to the element of use of force "was at the very least susceptible to the interpretation that appellant was not guilty of robbery, but rather grand theft."

Where the element of use of force or fear is absent, a taking from another person is not robbery, but rather, is the lesser included offense of grand theft; it is the use of force or fear which distinguishes robbery from grand theft. (*People v. Morales* (1975) 49 Cal.App.3d 134, 139; *People v. Church* (1897) 116 Cal. 300, 302–304.)

"In criminal cases, even in the absence of a request, a trial court must instruct on general principles of law relevant to the issues raised by the evidence and necessary for the jury's understanding of the case." (*People v. Martinez* (2010) 47 Cal.4th 911, 953.) A trial court "must instruct the jury sua sponte on an uncharged offense that is lesser than, and included in, a greater offense with which the defendant is charged only if there is substantial evidence that, if accepted, would absolve the

8

defendant from guilt of the greater offense but not the lesser." (*People v. Waidla* (2000) 22 Cal.4th 690, 737 (*Waidla*).) However, "this does not mean that the trial court must instruct sua sponte on the panoply of all possible lesser included offenses." (*People v. Huggins* (2006) 38 Cal.4th 175, 215.) " ' "[S]uch instructions are required whenever evidence that the defendant is guilty only of the lesser offense is 'substantial enough to merit consideration' by the jury." ' " (*Ibid*.)

We conduct an independent or de novo review to determine whether the trial court erred in not instructing the jury on the lesser included offense of grand theft. (*Waidla, supra*, 22 Cal.4th at p. 733.)

Based on our review of the evidence in this case—namely, Tu's testimony and the video of the surveillance footage from Linda's Burgers—we conclude no such instruction was necessary. Tu testified appellant "rammed" and "full body pushed" against him, causing him to be "moved some distance." Our review of the surveillance footage confirms appellant used force when he took Tu's breakfast, as the video clearly shows appellant used his body to push Tu toward one side of the counter as he grabbed the to-go bag from Tu's grip. The evidence of the element of force necessary to the crime of robbery was sufficient to obviate the need for an instruction on grand theft.

Moreover, the trial court instructed the jury on petty theft, which is a taking without force or fear. (CALCRIM No. 1800.) If the trial court erred in not instructing on grand theft, the error was harmless. (*People v. Watson* (1956) 46 Cal.2d 818, 836–837.)

9

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, J.

We concur:

BIGELOW, P. J.

WILEY, J.